UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAIRO A. MARTINEZ,

    Petitioner,

v.                                    CAUSE NO. 3:21-CV-797 DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jairo A. Martinez, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-8-6) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Mr. Martinez did not appeal the disciplinary decision because "[i]t's the same people. They will just say take it to the feds." Generally, state prisoners must exhaust available state court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). The belief that pursuing an administrative appeal would be futile does not excuse a petitioner from the exhaustion requirement. *See Perez v. Wisconsin*

*Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try."). Because Mr. Martinez did not exhaust his administrative remedies with respect to the disciplinary decision, the habeas petition is dismissed.

If Mr. Martinez wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jairo A. Martinez leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

October 25, 2021                                     *s/ Damon R. Leichty*
                                                     Judge, United States District Court